CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 03 2019
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| TASHIBA CARTER, ) | Civil Action No. 3:19CV00057 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| AMERICAN PAINTING JANITORIAL ) | Senior United States District Judge |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

Tashiba Carter, proceeding pro se, commenced this action by filing a form complaint under Title VII of the Civil Rights of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, against American Painting Janitorial Company. The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of her complaint. For the following reasons, the complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

## Background

The plaintiff's complaint indicates that she was hired to perform commercial cleaning services for the defendant in the fall of 2018. The plaintiff's supervisor was an individual named Esperanza.* The plaintiff alleges that she was "mistreated and harass[ed]" by Esperanza, who complained about "always ha[ving] to tell [the plaintiff] what to do." Compl. 2, ECF No. 2. The plaintiff reported Esperanza's behavior to a manager named Marteen. However, "nothing changed," and Esperanza continued to "harass" the plaintiff. Id.

At some point after the plaintiff was hired, an employee named Coretta came by to inspect one of the buildings in which the plaintiff was working. The plaintiff alleges that the inspection occurred before she was able to finish all of the cleaning tasks that needed to be performed. Coretta presented

---

* The plaintiff only identifies individuals by their first names.

the plaintiff with a document containing a negative performance review. The plaintiff refused to sign the document.

In March of 2019, Esperanza accused the plaintiff of taking a break for longer than fifteen minutes. Esperanza also yelled at the plaintiff for not mopping certain concrete staircases. The plaintiff alleges that she was not properly trained to clean concrete surfaces.

The defendant ultimately terminated the plaintiff's employment. Following her termination, the plaintiff was accused of using the wrong cleaning products. The plaintiff alleges that Esperanza prevented her from using certain cleaning supplies.

The plaintiff filed a form complaint against the defendant on September 24, 2019. The plaintiff alleges that she was wrongfully discharged and harassed.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## Discussion

As indicated above, the plaintiff filed a form complaint designated for pro se plaintiffs who wish to pursue a claim under Title VII. Upon review of the complaint, the court concludes that it fails to state a claim upon which relief may be granted. Title VII "does not prohibit harassment alone, however severe or pervasive." Baldwin v. Blue Cross/Blue Shield, 480 F.3d 1287, 1301 (11th Cir. 2007); see also Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 773 (4th Cir. 1997) (emphasizing that "Title VII does not guarantee a happy workplace"). Instead, Title VII prohibits unlawful discrimination, "including harassment that discriminates based on a protected category such as sex [or race]." Baldwin, 480 F.3d at 1230; see also 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]"). Because the plaintiff does not allege, much less plausibly demonstrate, that she was treated differently on the basis of a protected trait, the complaint fails to state a claim under Title VII.

## Conclusion

For the reasons stated, the court will grant the plaintiff's motion for leave to proceed in forma pauperis. However, the complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 3rd day of October, 2019.

_____
Senior United States District Judge